# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARIAN MCKINNEY,<br>8222 Miner Street<br>Greenbelt, MD 20770<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA,<br>400 6th Street, NW<br>Washington, D.C. 20001<br><br>　　　　*Defendant*. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446 and Fed. R. Civ. P. 81(c), Defendant District of Columbia (the District) hereby removes *Darian McKinney v. District of Columbia*, Case No. 2022 CA 002262 B, which was brought in the Superior Court of the District of Columbia against the District, to this Court because claims raised in the Complaint assert a federal question appropriate for resolution by this Court.

Here, Counts IV, V, VI, and VII of the Complaint assert claims concerning the alleged deprivation of Plaintiff's constitutionally protected interests in liberty and property without due process of law. Ex. 1, Compl. ¶¶ 32–39; *see also* U.S. Const. amend. V; *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) (describing elements of constitutional procedural due process claim as 1) identifying a deprivation of a protected interest in "life, liberty, or property," U.S. Const. amend. V; and 2) determining whether the procedures used by the Government in effecting the deprivation comported with Due Process). While the Complaint does not explicitly reference the Fifth Amendment of the Constitution (or 42 U.S.C. §

1983), it is clear from the face of the Complaint that, because Plaintiff claims that he has been deprived of his protected property and liberty interests without due process, his claims arise under the Constitution, thus giving rise to a substantial federal question. *See Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936) (federal question exists when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action"). Because these claims arise under federal law, this Court has original jurisdiction under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("[T]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Therefore, under 28 U.S.C. § 1441(a), the District may remove this action to this Court.

In addition, under 28 U.S.C. § 1367(a), this Court may exercise supplemental jurisdiction over Plaintiff's state law claims asserted in Counts I, II, and III of the Complaint for breach of contract. Ex. 1, Compl. ¶¶ 102–07. This is because the claims brought in Counts I through III form part of the same case or controversy as Plaintiff's federal claims. *See Busby v. Capital One, N.A.*, 759 F. Supp. 2d 81, (D.D.C. 2011) ("Once a case has been removed, the district court has original jurisdiction over the plaintiff's claim under federal law, and may thus 'exercise supplemental jurisdiction over accompanying state law claims so long as those claims constitute other claims that form part of the same case or controversy'") (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164–65 (1997)) (ellipses and quotation marks omitted).

Here, the requirements of 28 U.S.C. § 1446 are satisfied because this Notice is filed within 30 days after service of process upon the District, which occurred on June 20, 2022. The District has attached copies of all pleadings and orders served upon the District in this matter, as well as papers filed in the Superior Court of the District of Columbia as Exhibit 1. After this

Notice is filed in the United States District Court for the District of Columbia, the District will file notice of this removal with the Clerk of the Court for the Superior Court of the District of Columbia and serve a copy on Plaintiff.

Venue is proper as the United States District Court for the District of Columbia includes the District of Columbia, where the events giving rise to this action allegedly occurred, and where the Superior Court of the District of Columbia is located.

Accordingly, the District removes this action to this Court from the Superior Court of the District of Columbia, Civil Division.

Date:   July 20, 2022                   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
ANNA P. KAPRELOVA [156027]
Assistant Attorneys General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 727-9624
Steven.Rubenstein3@dc.gov
Anna.Kaprelova@dc.gov

*Counsel for Defendant District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, I served a copy of the foregoing Notice of Removal and the exhibit attached thereto by email upon:

Leslie McAdoo Gordon, Esq.
McAdoo Gordon & Associates, P.C.
1629 K Street NW
Suite 300
Washington, D.C. 20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

*Counsel for Plaintiff*

/s/ *Anna P. Kaprelova*
ANNA P. KAPRELOVA
Assistant Attorney General